

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 1, 1947

Hon. W. J. Elliott, Chief
Texas Highway Patrol
Texas Department of Public Safety
Austin, Texas

Opinion No. V-179

Re: The applicability of Section (c) of Article 6686, V.C.S., to an intransit operator or carrier who is not a dealer.

Dear Sir:

Your letter of April 14, 1947, requesting an opinion reads as follows:

"An intransit operator, having complied with the second section of B, Article 6686, is arrested for not having affixed to the windshield a sticker not less than three inches in diameter, stating that such vehicle has been driven or towed from point of manufacture, as outlined in Section C of Article 6686.

"Section B of this Article provides that an intransit operator shall pay $50.00 for the first such registration fee and $3.00 thereafter for each number; and Section C provides that every motor vehicle driven or towed from outside this State for the purpose of sale within this State shall have this windshield sticker affixed.

"We request an Opinion as to whether the intransit operator, bringing such vehicles into this State, operating as a transport company for the sole purpose of bringing these vehicles from the manufacturer to the dealer, is required to have the sticker affixed showing that the car has been towed, as required in Section C of this Article; or whether this particular Article is directed at the dealer to whom these cars are to be delivered and who presumably will later sell them."

Supplemental facts verbally supplied by you subsequent to the date of your written request are to the effect that the intransit

operator in question is not a dealer as that term is defined by Article 6686, V.C.S., but on the contrary, is a common carrier by motor vehicle in interstate commerce, and is presently operating under the jurisdiction of the Interstate Commerce Commission pursuant to authority granted by that body authorizing the transportation of motor vehicles in interstate commerce by the "drive-a-way" and "towing" methods. The motor vehicles in question were driven and towed by the intransit operator from the place of manufacture outside the State of Texas, and delivered to a dealer in the State of Texas. You have also stated that we are to assume that the intransit operator in question has complied with any and all requirements of the Railroad Commission of Texas under the provisions of Article 911b, V.C.S.

The question presented is whether or not the provisions of Section (c) of Article 6686, V.C.S., are applicable to an intransit carrier of motor vehicles by the "drive-a-way" and "towing" methods, and must be complied with in order to lawfully drive such motor vehicles over the public highways of this State in rendering a common or contract carrier delivery service by means of such methods.

Article 6686, Vernon's Civil Statutes, provides in part as follows:

"(a) Any manufacturer of or dealer in motor vehicles in this State may, instead of registering each vehicle he may wish to show or demonstrate on the public highways, apply for registration and secure a general distinguishing number which may be attached to any motor vehicle or motorcycle which he sends temporarily upon the road. . . .

"(b) Each dealer holding a dealer's license may issue temporary cardboard numbers using such dealer's number thereon . . . . Any dealer or manufacturer may use such cardboard license plate for the purpose of operating or conveying a motor vehicle, trailer, or semi-trailer from his place of business in one part of the State to his place of business in another part of the State, and for the purpose of operating or conveying a motor vehicle, trailer, or semi-trailer from the point where it is unloaded to his place of business, and may also use such cardboard number in transporting a motor vehicle, trailer, or semi-trailer from the State line to his place of business. . . .

"Any person, firm or corporation engaged in this State in the business of transporting and delivering by

means of the full mount method, the saddle mount
method, the tow bar method, or any other combina-
tion thereof, and under their own power, new vehic-
les from the manufacturer or any other point of
origin to any point of destination within the State of
Texas, shall make application to the State Highway
Commission for a drive-a-way in-transit license.
This application for annual license shall be accom-
panied by a registration fee of Fifty Dollars ($50)
and shall contain such information as the State High-
way Commission may require. Upon the filing of the
application and the payment of the fee, the State High-
way Commission shall issue to each drive-a-way
operator a general distinguishing number, which num-
ber must be carried and displayed by each motor ve-
hicle in like manner as is now provided by law for
vehicles while being operated upon public highways
and such number shall remain on the vehicle or ve-
hicles from the manufacturer, or any point of origin,
to any point of destination within the State of Texas.
Additional number plates bearing the same distin-
guishing number desired by any drive-a-way operator
may be secured from the State Highway Commission
upon the payment of a fee of Three Dollars ($3) for
each set of additional license plates. Any person, firm
or corporation engaging in the business as a drive-a-
way operator of transporting and delivering by means
of full mount method, the saddle mount method, the
tow bar method, or any combination thereof, and un-
der their own power, new motor vehicles, who fails
or refuses to file or cause to be filed an application,
as is required by law, and to pay the fees therefor as
the law requires, shall be found guilty of violating the
provisions of this Act and upon conviction be fined not
less than Fifty Dollars ($50) and not more than Two
Hundred Dollars ($200) and all the costs of Court.
Each day so operating without securing the license
and plates as required herein shall constitute a sepa-
rate offense within the meaning of this Act. The funds
collected herein shall be paid into the General Revenue
Fund of the State subject only to appropriation by the
Legislature.

"(c) Every motor vehicle that has been driven
under its own power, or towed by another vehicle from
the point where manufactured outside this State for the
purpose of sale within this State, shall have affixed to
the windshield or front thereof in plain view a sticker
not less than three inches in diameter stating that such
vehicle has been driven or towed from point where

manufactured. Such notice shall remain on such
vehicle until the sale thereof by the dealer. (Em-
phasis ours)

"..."

Article 6686, supra, was, with the exception of the above
quoted second paragraph of Section (b), enacted by Chapter 158,
page 302, Acts of the Forty-fifth Legislature, Regular Session,
1937. The second paragraph of said Section (b) was added by Chap-
ter 5, page 613, Acts of the Forty-sixth Legislature, Regular Ses-
sion, 1939.

Prior to the amendment in 1939 as embraced in Chapter
5, page 613, Acts of the Forty-sixth Legislature, Regular Session,
the act in question related only to dealers and manufacturers. No
provision was contained therein authorizing the transportation and
delivery of a motor vehicle by means of driving or towing over the
public highways of this State by one not a dealer or manufacturer
without proper and separate registration of each vehicle.

We think it is clear from a reading of the act as a whole
that a compliance with the provisions of Section (c) of Article 6686,
supra, is not a necessary prerequisite to the lawful movement by a
dealer of a motor vehicle by driving or towing over the public high-
ways of this State from one place of business to another place of
business, or from point of unloading to the dealer's place of busi-
ness, or from the State line to the dealer's place of business in this
State, or when driven over the highways for the purpose of demon-
stration.

The evident intent and purpose of the Legislature as ex-
pressed in Section (c) of Article 6686, supra, is the protection of
the public in the purchase of a motor vehicle. In the event a motor
vehicle is driven under its own power, or towed by another vehicle,
from place of manufacture outside the State to the place of sale in
the State, a prospective purchaser is entitled to be apprised of such
fact in advance of his purchase of the vehicle. In order to insure
that the purchaser will have prior knowledge of such fact, the Leg-
islature has required the affixing of a sticker to the windshield of
the motor vehicle stating such fact. It serves as a notice to the
prospective purchaser that the vehicle has been driven or towed
from the place of manufacture to the place of sale in this State.

The express wording of Section (c), supra, clearly indi-
cates that the Legislature contemplated the affixing of the sticker
to the windshield by the dealer after the motor vehicle had been
driven or towed to his place of business, and not before, or during,
the time it was being driven or towed. This is necessarily true,

because the wording of Section (c), supra, is in the past tense, and expressly relates to a motor vehicle ". . . that has been driven under its own power or towed" and the language required on the sticker to be affixed to the windshield is to the effect ". . . that such vehicle has been driven or towed. . ." (Emphasis ours)

As previously observed the Legislature in 1939 amended Article 6686, V.C.S., as it then existed (Chapter 158, page 302, Acts of the Forty-fifth Legislature, Regular Session, 1937), by enacting Chapter 5, page 613, Acts of the Forty-sixth Legislature, Regular Session. This amendment added a new and separate paragraph to Section (b) of said Article expressly authorizing persons engaged in the business of delivering motor vehicles by means of the "drive-a-way" and "towing" methods to secure a drive-a-way transit license from the State Highway Commission, and receive a general distinguishing number to be displayed on each vehicle while being moved by the "drive-a-way" or "towing" method in lieu of a separate registration of each vehicle as otherwise required by law. The reason for this amendment is tersely stated in the emergency clause of Chapter 5, supra, wherein it is stated:

> "The fact that the present law regulates only automobile dealers bringing new vehicles into the State, and the further fact that there are many motor vehicles brought into the State of Texas over its public highways by drive-a-way operators who are not licensed under the present law, create an emergency. . . ."

Under the facts stated by you the intransit operator or carrier in question complied with all the provisions of Section (b) of Article 6686, supra, relating to an intransit operator or carrier, but he did not comply with the provisions of Section (c) of Article 6686, supra.

As has been previously stated, Section (c) of Article 6686, supra, is applicable to dealers, and then only after the vehicle has come to rest at the dealer's place of business, and is offered for sale to the public. It has no application, and is not a prerequisite to the lawful driving and movement of a vehicle over the highways of this State by a dealer complying with and coming within the provisions of Section (a) and the first paragraph of Section (b) of Article 6686, supra. Nothing is contained in Chapter 5, page 613, Acts of the Forty-sixth Legislature, Regular Session, 1939, which is now the second paragraph of Section (b), supra, indicating in any manner that the Legislature intended or provided that the provisions of Section (c), supra, should apply to an intransit operator and carrier. Section (c), supra, has remained unchanged since its original enactment as a part of Chapter 158, page 302, Acts of the Forty-fifth Legislature, Regular Session, 1937, and it is our opinion that it does not apply to

an intransit operator and carrier such as described by you.

It follows from what has been stated above that the arrest of the intransit operator for failure to have the stickers provided for in Section (c) of Article 6686, supra, affixed to the windshields of the motor vehicles he was moving by the "drive-a-way" and "towing" methods as a carrier for hire was improper and not authorized by law.

## SUMMARY

The provisions of Section (c) of Article 6686, V.C.S., requiring each motor vehicle that has been driven or towed from place of manufacture outside this State to place of sale within the State to have a sticker affixed to the windshield stating such fact, apply to a dealer when offering the vehicle for sale, but do not apply in any way to an intransit operator or carrier transporting and delivering motor vehicles by means of the drive-a-way and towing methods under a drive-a-way intransit license provided for in Section (b) of Article 6686, supra.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Charles D. Mathews*

Charles D. Mathews
Assistant

CDM:jt:sl

APPROVED MAY 1, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS